**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-62040**

**CHARMINIQUE SO,**

    Plaintiff,

v.

**DERRICK JOHNSON**,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    THIS MATTER was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11.  However, because I find that dismissal of this case is warranted now (at the screening stage), and because I do not presently have authority to issue a dispositive order, I am issuing a Report and Recommendation.  I have separately entered an order directing the Clerk to randomly reassign this case to a District Judge of this Court.  For the following reasons, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice**.

    On October 10, 2025, Plaintiff filed her Complaint [DE 1] in this action as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [DE 3]. Because Plaintiff sought leave to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply here.  Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

It was evident from screening Plaintiff's initial Complaint that Plaintiff failed to state a claim on which relief may be granted. Therefore, on October 30, 2025, I entered an Order [DE 5] denying Plaintiff's IFP Motion without prejudice and directing Plaintiff to file an amended complaint by November 13, 2025. That Order directed Plaintiff – in preparing her amended complaint – to comply with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[1] I explained to Plaintiff that in accordance with Rule 8, her amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I

---

[1] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

also directed Plaintiff (in her amended complaint) to state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In addition to addressing the requirements of Rules 8 and 10, my October 30, 2025 Order addressed the allegations of Plaintiff's Complaint. I noted that even liberally construing Plaintiff's Complaint, which purports to sue the President of the NAACP, it was wholly unclear what causes of action Plaintiff is attempting to bring in this action and what factual allegations underlie those causes of action. In alleging that federal question jurisdiction exists, Plaintiff merely stated the following (indicating that the entire Constitution is at issue without specifying any particular provisions that are at issue):

> List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. THE ENTIRE CONSTITUTION → NO ONE BLACK VOTED ON → FROM THE BEGINNING UNTIL CURRENTLY → YEARS OF 1787-1865-1870-1965-1968 THROUGH 2025 YEAR

[DE 1] at 3.

Then, in the Statement of Claim section of her Complaint, where the instructions directed Plaintiff to briefly state "the facts showing that [she] is entitled to the damages or other relief sought . . . how each Defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct," Plaintiff stated:

> EMOTIONAL DISTRESS, MENTAL STRESS, PTSD, Anxieties. I have had them since Age three years old to currently. The cause continually racisms and Systematic racisms, discriminations. I feel like as a Black person of African ancestry. The Constitution is a paper color chain around my neck. The NAACP open on 03-12-1909, THE NAACP HAD and has been ran by only three black people one jewish person the rest were Europeans during the beginning stages according to the Library of Congress.

*Id.* at 4.

As is evident from the foregoing, Plaintiff failed to allege any particular facts in her Complaint and failed to allege what, if anything, the President of the NAACP (a private non-profit organization) did to be liable to Plaintiff for anything. Yet, notwithstanding the complete absence of factual allegations, Plaintiff's Complaint seeks $900 billion in damages.

Nevertheless, I provided Plaintiff with an opportunity to file an amended complaint to see if she could state a claim. Specifically, I directed Plaintiff to file an amended complaint, by November 13, 2025, in accordance with my October 30, 2025 Order [DE 5]. That Order also warned Plaintiff that the failure to do so may result in dismissal of this action without further notice. Notwithstanding that clear warning, Plaintiff did not file an amended complaint, thus failing to comply with the October 30, 2025 Order [DE 5]. Therefore, this action should be dismissed without prejudice – for failure to prosecute and due to Plaintiff's failure to comply with the Court's October 30, 2025 Order [DE 5]. *See, e.g.*, *Taylor v. Exec. Dir. at Fla. Dep't of Highway Safety & Motor Vehicles*, No. 22-10384, 2023 WL 5664169, at *2 (11th Cir. Sept. 1, 2023) ("The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. The district court has the authority to dismiss an action *sua sponte* for failure to obey a court order or for lack of prosecution. Generally speaking, a dismissal made *without* prejudice constitutes no abuse of discretion because the affected party may refile his civil action." (internal citations and quotation marks omitted)). Additionally, dismissal of this action without prejudice is also appropriate given that Plaintiff's Complaint fails to state a claim on which relief may be granted (and Plaintiff has already been given an opportunity to file an amended complaint).

**CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that this action be **DISMISSED without prejudice**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with this Court.[2] Failure to timely file objections shall bar the parties from a *de novo* determination by a District Judge of this Court of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 21st day of November 2025.



Jared M. Strauss
United States Magistrate Judge

---

[2] As set forth in Rule 4(b) of the of the Magistrate Judge Rules of this Court's Local Rules:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report under subsections 1(d), (e), and (f) of these rules, supra, within fourteen (14) days after being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge or District Judge. Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made, the specific basis for such objections, and supporting legal authority. . . . A District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.